JS6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MOTHER'S NUTRITIONAL CENTER, INC, a California corporation,

Plaintiff,

v.

HEALTHY MOTHERS NUTRITION 12 LLC (f/k/a MOTHERS NUTRITION LLC), a California limited liability company; HEALTHY MOTHER'S NUTRITION, LLC, a California limited liability company; OMER M. LABIB, an individual; and DOES 1 through 10,

Defendants.

Case No.: 2:26-cv-03085-RGK (PVCx)

Assigned to: Hon. R. Gary Klausner in Courtroom 850

**~~PROPOSED~~ JUDGMENT FOR PERMANENT INJUNCTION AND DAMAGES**

[52]

The Court, having read and considered the Stipulation filed by the parties to this action and the record in this case; and

It appearing (and having been stipulated) that plaintiff Mother's Nutritional Center, Inc. ("MNC") is engaged in the business of selling groceries and nutritional products for pregnant women, mothers, babies, and young children, and is the owner of United States federal trademark registration numbers 3675056 (for the "Mother's Nutritional Center" standard character/word mark) and 3675027 (for the related "MOTHER'S" stylized/design mark) (collectively, the "**MNC Marks**").

It further appearing (and having been stipulated) that the MNC Marks are valid and are in full force and effect and have never been abandoned.

It further appearing (and having been stipulated) that defendant Omer M. Labib ("Labib") is the owner and principal of multiple entities, including but not limited to defendants Healthy Mother's Nutrition LLC and Healthy Mother's Nutrition 12 LLC (collectively with Labib, the "Labib Defendants"), as well as Child First Nutrition LLC, Child First Nutrition 12 LLC, and Slauson Nutrition LLC;

It further appearing (and having been stipulated) that the foregoing entities owned and/or controlled by Labib own, operate, manage, and/or rent (or have owned, operated, managed, and/or rented) various retail store locations in Southern California (including but not limited to locations at 18533 Soledad Canyon Road, Canyon Country, CA 913151, 2823 E. Lincoln Avenue, Anaheim, CA 92806, and 786 W. 19th Street, Costa Mesa, CA 92627) that have or had signage (such as "MOTHERS NUTRITION") – the use of which began after Plaintiff's use of the MNC Marks – that MNC contends is confusingly similar to the protected MNC Marks.

//

It further appearing (and having been stipulated) that on March 23, 2026, Plaintiff filed a Complaint in the U.S. District Court for the Central District of California (the "Complaint") alleging trademark infringement and other trademark- and/or trade dress-related claims against the Labib Defendants. This legal action was assigned Case No. 2:26-cv-03085 (the "Action"); and

The Court finding good cause;

THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED that judgment is entered in favor of plaintiff Mother's Nutritional Center, Inc. ("Plaintiff") and against defendants Omer M. Labib, Healthy Mothers Nutrition LLC (f/k/a Mothers Nutrition LLC), and Healthy Mother's Nutrition, LLC (collectively, the "Labib Defendants") pursuant to the parties' Stipulation filed in this action.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that permanent injunctive relief is warranted pursuant to 15 USC § 1116 and is therefore entered as follows:

1. This Court has subject matter jurisdiction over this action pursuant to 15 USC § 1121 and 28 USC §§ 1331, 1338 and 1367, and has jurisdiction over the Labib Defendants. Venue is appropriate in this District based on 28 U.S.C. §1391(b)(1) and (2). Service was properly made against the Labib Defendants, and they do not contest service or jurisdiction.

2. For purposes of this Judgment for Permanent Injunction and Damages, the term "**Infringing Designation**" means and includes both of the MNC Marks, as well as and any other word, term, name, or designation that is a reproduction, counterfeit, copy, colorable imitation, variation, derivative, or shorthand of one or both of the MNC Marks, or that is otherwise confusingly similar to the MNC Marks. By way of example without limitation, the Infringing Designation would include marks such as "HEALTHY MOTHERS

NUTRITION," "MOTHERS NUTRITION," "MOTHERS HEALTHY NUTRITION," "HEALTHY MOTHERS CENTER," "MOTHERS NUTRITIONAL HEALTH,", or that include any derivative terms such as MAMA, MOMMA, MOMMY, MADRE, MOTHER'S, or MOTHERS used in conjunction with the terms NUTRITION, NUTRITIONAL, and/or CENTER.

3. For purposes of this Judgment for Permanent Injunction and Damages, the term "**Covered Goods/Services**" means and includes retail grocery services, including but not limited to retail grocery stores that feature foods authorized for purchase by pregnant women, new mothers and young children participating in the federal Supplemental Food Program for Women, Infants and Children ("WIC"), as well as services of any kind to persons participating in WIC, and any product (or product packaging) that bears one or more of the MNC Marks or any Infringing Designation.

4. Pursuant to 15 USC § 1116, defendants Labib (whether in his personal capacity or in his capacity as the person who, in whole or in part, owns, controls, operates, maintains, and/or manages (or who has, in whole or in part, owned, controlled, operated, maintained, and/or managed) any entity, including but not limited to Healthy Mother's Nutrition LLC, Child First Nutrition LLC, Healthy Mother's Nutrition 12 LLC, Child First Nutrition 12 LLC, and Slauson Nutrition LLC), Healthy Mothers Nutrition 12 LLC, and Healthy Mothers Nutrition LLC, as well as their officers, agents, servants, employees, and attorneys, and all companies, subsidiaries, affiliates, successors, and assigns owned or controlled by them, and all other persons or entities who are in active concert or participation with any of them who receive actual notice of this Judgment for Permanent Injunction and Damages by personal service or otherwise, are hereby **permanently enjoined and restrained** from:

//

a. Using the Infringing Designation, in connection with the advertising, marketing, promotion, offering for sale, sale, or distribution of the Covered Goods/Services, in any medium now known or later developed;

b. Using the Infringing Designation as or as part of any business name, trade name, corporate name, domain name, social-media handle or account name, metadata, keyword, hashtag, or other source identifier or means of identification;

c. Using the Infringing Designation on or in any labels, signs, prints, packages, wrappers, receptacles, containers, tags, decals, emblems, markings, websites, social-media pages, or advertisements, or in any other promotional or marketing materials;

d. Passing off, or enabling or assisting others to pass off, any of the Labib Defendants' goods or services as those of MNC, or as authorized, sponsored by, affiliated with, or connected to MNC;

e. Making any false or misleading representation, or committing any act, calculated or likely to cause consumers to believe that one or more of the Labib Defendants or their goods or services originate with, are authorized or sponsored by, or are otherwise affiliated with or connected to MNC;

f. Registering, trafficking in, or using any domain name, social-media account, or online identifier that incorporates the Infringing Designation;

g. Manufacturing, shipping, delivering, transferring, or otherwise disposing of any goods, packaging, or materials bearing the Infringing Designation;

//

h. Seeking to register any of the MNC Marks or any mark encompassed by the Infringing Designation with the U.S. Patent and Trademark Office or any registry of trademarks in any State or territory of the United States; and

i. Assisting, aiding, or abetting, or conspiring with, any other person or entity in engaging in any of the acts prohibited in paragraphs (a) through (h) above.

5. Within 30 days of service of this Judgment for Permanent Injunction and Damages, the Labib Defendants shall remove, take down, or cause to be removed from all physical locations, websites, social-media accounts, online marketplaces, and advertising under their control all uses of the Infringing Designation.

6. As part of this Judgment, eight-thousand dollars ($8,000.00) in compensatory damages is hereby awarded against the Labib Defendants, jointly and severally, and in favor of plaintiff Mother's Nutritional Center, Inc.

7. The Court finds that, pursuant to the parties' Stipulation entered in this action, the Labib Defendants have knowingly and voluntarily waived appeal of this Judgment for Permanent Injunction and Damages.

8. The Court orders that, pursuant to the parties' Stipulation entered in this action, this Judgment for Permanent Injunction and Damages shall be deemed to have been served upon the Labib Defendants at the time of its entry by the Court.

9. Each party to this action to bear his or its own attorneys' fees and costs incurred in connection with this Action.

10. This Court hereby retains jurisdiction to enforce this Judgment for Permanent Injunction and Damages by way of contempt or otherwise. The prevailing party in any litigation to interpret and/or enforce this Judgment shall

be entitled to recover his or its attorney's fees and costs in connection with such interpretation and/or enforcement.

11. In accordance with the Lanham Act, 15 USC § 1116(c), the Clerk of the Court shall notify the Director of the Patent and Trademark Office of the entry of the Proposed Judgment for Permanent Injunction and Damages.

12. This Judgment shall take effect immediately upon entry.

**IT IS SO ORDERED.**

Dated: November 16, 2026

Hon. R. Gary Klausner
United States District Judge